THE CLARKSON COAL COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102444.   Promulgated March 18, 1942.

*E. F. Hoeschen, Esq.*, for the petitioner.
*Jones Smith, Esq.*, for the respondent.

692

OPINION.

Turner: In 1935 the petitioner, by purchase and at a total cost of $40,021.15, became the owner of the entire issue of $50,000 par value first mortgage bonds of the Clarkson Coal & Dock Co.  In 1936, the Clarkson Coal & Dock Co. being in default on the bonds, John F. Swain, trustee, under the bond indenture and at the request of the petitioner, instituted proceedings for the foreclosure and sale of the mortgaged property for the purpose of satisfying petitioner's claim for principal and interest due under the bonds.  The sale was at public auction and Swain, as trustee for petitioner, purchased the property at a price of $62,308.45.  The fair market value of the property at the time of the sale is not shown.  The question is whether the petitioner, under *Helvering* v. *Midland Mutual Life Insurance Co.*, 300 U. S. 216, realized

taxable income as the result of such foreclosure and sale of the mortgaged property.

In *Helvering* v. *Midland Mutual Life Insurance Co., supra,* no money passed as a result of the foreclosure sale and the purchaser of the property at the said sale was the owner of the claim in satisfaction of which the proceeds of the sale were to be applied. Such being the case, the purchaser was not called on to pay the purchase price in cash, only to receive it again in satisfaction of its claim, but that same end was accomplished by crediting payment of the purchase price to satisfaction of the claim. The Supreme Court, holding that legal effect should be given to the transaction according to the terms of the sale, just as if the purchaser had been a stranger and cash had actually been paid, said:

> \* \* \* A mortgagee who, at foreclosure sale, acquires the property pursuant to a bid of the principal and accrued interest is, as purchaser and grantee, in a position no different from that of a stranger who acquires the property on a bid of like amount. It is true that the latter would be obliged to pay in cash the amount of his bid, while the formality of payment in cash is ordinarily dispensed with when the mortgagee acquires the property on his own bid. But the rights acquired *qua* purchaser are the same in either case; and, likewise, the legal effect upon the mortgage debt is the same. In each case the debt, including the interest accrued, is paid. Where the stranger makes the purchase, the debt is discharged by a payment in cash; where the mortgagee purchases the property, the debt is discharged by means of a credit. \* \* \*

Such is the case here. The petitioner was the owner of a claim against the Clarkson Coal & Dock Co. for principal and interest under the bonds and that claim was secured by a first mortgage on the dock property. The foreclosure proceedings were instituted and carried out for the purpose of satisfying that claim, and there is no contention that there were other creditors, or, if so, that they had equal or prior rights to those of the petitioner. It is true the foreclosure was accomplished in the name of Swain, as trustee, but the claim belonged to the petitioner and in the notice published as required by Wisconsin statute it was stated that the dock property therein described would be sold at public auction for cash "to satisfy the amount which shall then be due on said mortgage and trust deed, together with expenses of the sale, attorneys' fees, trustees' fees and insurance premiums paid." Pursuant to foreclosure the dock property was sold for the sum of $62,308.45 and petitioner's claim as owner of the bonds for principal and interest thereunder was discharged by means of a credit just as effectively as if cash had actually passed, and to the extent that such application of the selling price of the dock property to the discharge of petitioner's claim discloses a realization of gain on the bonds and the payment of interest thereunder, the respondent's determination is approved. *Helvering* v. *Midland Mutual Life Insurance Co., supra.* Cf. *T. Eugene Piper,* 45 B. T. A. 280.

Claiming that it did not become the purchaser or owner of the dock property at the foreclosure sale or at any time thereafter, the petitioner seeks to distinguish *Helvering* v. *Midland Mutual Life Insurance Co.*, *supra*. To support this claim a mass of evidence was offered and for such benefit as the petitioner may derive therefrom we have made detailed findings of fact showing conveyance of the property by the sheriff to Swain, as trustee, and subsequent conveyance by him to Arrowhead. If, however, the identity of the purchaser at the foreclosure sale should be of importance along with the identity of the holder of the claim satisfied by reason of such foreclosure and sale, this same evidence unmistakably shows that, even though legal title to the property was taken in the name of Swain, as trustee, petitioner was the real party in interest and became and continued to be the actual owner of the property until the transaction with Arrowhead in 1940. Furthermore, the failure to indulge in the formality of surrendering the bonds themselves is of no moment. The Wyatt Co. and Worrell Clarkson, Sr., held the bonds as security for petitioner's indebtedness to them, not as owners, and the fact that the physical evidences of the bonds were not formally delivered and canceled can in no way affect the income tax consequences flowing from the satisfaction of petitioner's claim thereunder.

*Decision will be entered under Rule 50.*